## Lewis B. Greenwalt

v.

## William T. McClure, Adm'r.

Judicial sale—Compliance with bid—Deficiency on re-sale.—In order to charge a purchaser under a judicial sale, who refuses to complete his purchase, with any deficiency arising on a re-sale. the first sale should be reported to the court, the report confirmed, and an order served on the purchaser to pay the purchase money within a given time, or in default the estate would be re-sold at his risk. So, where an administrator sold land under an order of court, and the report of sale was confirmed by the court, but the purchaser refusing to complete the purchase, a second sale was made without an order of court therefor, the first purchaser cannot be charged with a deficiency arising from such re-sale.

Appeal from the Circuit Court of Sangamon county; the Hon. C. S. Zane, Judge, presiding. Opinion filed September 17, 1880.

Mr. N. M. Broadwell, for appellant; as to the conclusive effect of an order of court approving final settlement by an administrator, cited Snodgrass v. Snodgrass, 57 Tenn. 157; Saewell v. Buckley, 54 Ala. 592.

After final settlement the office of administrator ceases: Collins v. Stephenson, 12 Mo. 178; Garner v. Tucker, 61 Mo. 427.

The capacity of an administrator to sue, can be raised only by plea in abatement: Brown v. Nourse, 55 Me. 230.

Where lands are sold under an order of court, a good title is deemed to be offered, and the purchaser will not be compelled to complete his purchase if it appears a good title cannot be made: Shields v. Allen, 77 N. C. 375.

A re-sale without notice to the first purchaser is an abandonment of the first sale: Hill v. Hill, 58 Ill. 239; Dills v. Jasper, 33 Ill. 262; Galpin v. Lamb, 29 Ohio St. 529.

A sale of more land than was sufficient to raise the amount required, renders the sale void, and justifies the purchaser in refusing to complete the same: Blakely v. Abert, 1 Dana, 185;

Litchfield v. Cudworth, 15 Pick. 23; Lockwood v. Sturtevant, 6 Conn. 373.

The owner of the fee was a necessary party, and not being before the court, the sale was void: Alvord v. Beach, 5 Abb. Pr. 451; Miller v. Palmer, 55 Miss. 323.

As to real estate of deceased persons, the county court has only limited jurisdiction: Haywood v. Collins, 60 Ill. 328.

In pleading the decrees of a court of limited jurisdiction the facts upon which the decree depends must be alleged: Daken v. Hudson, 6 Cow. 221; Wells v. Mason, 4 Scam. 84.

Pleadings are taken most strongly against the pleader: Leman v. Stevenson, 36 Ill. 49.

In order to charge the purchaser with a deficiency arising from a re-sale, there should be a report and confirmation of the first sale, notice to the purchaser, and order of re-sale at his risk: Hill v. Hill, 58 Ill. 239; Dills v. Jasper, 33 Ill. 262; Galpin v. Lamb, 29 Ohio St. 529.

If the purchaser could not be invested with the whole title assumed to be sold, he will be released from his bid : Miller v. Palmer, 55 Miss. 323; Davine v. Hatfield, 4 Sandf. 468; Kohler v. Kohler, 2 Edw. Ch. 69.

The court must have jurisdiction of the parties : Campbell v. McCahan, 41 Ill. 46.

None are parties, although named in the petition, against whom process is not prayed: Story's Eq. Pl. § 44; Carter v. Ingraham, 43 Ala. 78; Tourville v. Pierson, 39 Ill. 446.

Generally as to the necessity for proper parties: Whitney v. Porter, 23 Ill. 445; Hamilton v. Lockhart, 41 Miss. 460; Marshall v. Rose, 86 Ill. 374; Fell v. Young, 63 Ill. 106; Lawson v. Trustees, 61 Ill. 405.

If a party is heir and executor, he must be made a party in both characters: Carter v. Ingerham, 43 Ala. 78.

The sale being *ultra vires* was void, and appellant was not bound to complete his purchase: Blakely v. Abert, 1 Dana, 185; Litchfield v. Cudworth, 15 Pick. 23; Lockwood v. Sturtevant, 6 Conn. 373.

If liable at all, it would be only for the difference between the bid made by him and the value of the land at the time of

the breach of his contract: R. R. Co. v. Evans, 6 Gray, 25; Wilson v. Holden, 16 Abb. Pr. 133; Griswold v. Sabine, 51 N. H. 167; Gilbert v. Cherry, 57 Geo. 128; Burnham v. Roberts, 70 Ill. 19; Field on Damages, § 508; 3 Parsons no Contracts, 231; Sedgwick on Damages, 190; Adams v. McMillin, 7 Porter, 73.

Messrs. McCLERNAND & KEYES, for appellee; that the plea in abatement was properly overruled, it being in part a plea of *ne unques administrator* and part a plea of *plene administravit*, cited 3 Chitty's Pl. 942; Puterbaugh's Pl. 148; Judy v. Kelley, 11 Ill. 211.

There can be no final settlement by an administrator until after notice to the heirs: Rev. Stat. 1877, 118.

The difference between the two sales is the measure of damages: 2 Parsons on Contracts, 677; R. R. Co. v. Evans, 6 Gray 25; Allen v. Plummer, 4 Greenl. 258; Pranchet v. Leach, 5 Cow. 506; Gell v. Bicknell, 2 Cush. 358; Robinson v. Hean, 15 Me. 296; Cobb v. Wood, 8 Cush. 228; Mowry v. Adams. 14 Mass. 327; Saladin v. Mitchell, 45 Ill. 79; Ullman v. Kent, 60 Ill. 271; Sanborn v. Benedict, 78 Ill. 309.

The presumption is that no court will pass a decree unless proof of service or notice was actually produced: Redick v. State Bank, 27 Ill. 148; Propst v. Meadows, 13 Ill. 159; Rivard v. Gardner, 39 Ill. 125; Moore v. Neil, 39 Ill. 256; Botsford v. O'Connor, 57 Ill. 72.

The heir is estopped by his silence from objecting that he had no notice: Story's Eq. § 385; Higgins v. Ferguson, 14 Ill. 269.

The interest of the deceased in the lands, and no more, is sold: Rorer on Judicial Sales, § 257, Snodgrass v. Clark, 44 Ala. 198; Barney v. Frowner, 44 Ala. 901; Snidicor v. Mobley, 47 Ala. 517.

The purchaser is presumed to have had notice of the record of a mortgage upon the land: Bingham v. Maxcy, 15 Ill. 295; Walden v. Gridley, 36 Ill. 523; Morris v. Hogle, 27 Ill. 150.

DAVIS, J. Appellee, under an order of the County Court of

Greenwalt v. McClure.

Sangamon county, obtained by him to sell land to pay debts, offered the land at public sale, and appellant bid the sum of $4,212. His bid being the highest, the land was struck off to him at that price, and the sale, on report to the court, was confirmed. Appellee then tendered to appellant a deed of the premises so sold, and demanded of him payment and security for payment agreeably to the terms of the sale. Appellant refused to accept the deed and complete his purchase, or to have anything further to do with the matter. A few weeks thereafter appellee, without further action of the court, advertised the land again for sale, and under the same order of the court, re-sold the land to another purchaser for $2,835, which sale was also reported to the court and confirmed. This action of assumpsit was then brought by appellee, and on the trial below the court rendered a judgment against appellant for $1,395 damages and costs. This judgment cannot be sustained. In Hill et al. v. Hill, 58 Ill. 240, it was held, that in order to charge a purchaser under a decree in chancery, who refuses to complete his purchase, with any deficiency arising on a re-sale, the master should report the sale and refusal to the court, and after confirmation of the report, a notice of motion should be served on the purchaser, that he may be ordered to pay in his purchase money within a given time, or in default thereof, that the estate purchased by him would be re-sold at his risk. And the order of re-sale on failure to pay the purchase money, or show cause therefor, should direct the property to be re-sold at the bidder's risk and expense.

None of these necessary preliminary steps were taken in this case, but the administrator, after the confirmation of his report of the first sale, and after a refusal of the purchaser to complete his purchase, and without an order of the court for a re sale at the bidder's risk and expense, re-sold the property for a less price, and then brought this action to recover the difference between the two sales. In the case cited, it was held fatal to the claim, that the purchaser previous to making the order of re-sale, had never been called upon by the court to complete his purchase, and allowed an opportunity to show cause for not doing so.

It is claimed that the rule laid down in the above case does not apply to this case, because the county court does not possess jurisdiction to proceed in such a summary manner, or if it has such jurisdiction that the remedy at law would co-exist with the summary equity remedy. Chapter 3 of Revised Statutes of 1874, under the head of Administration of Estates, confers jurisdiction on the county court to grant decrees for the sale of land to pay debts on petition of the executor or administrator of the estate, and section 101 provides that the practice in such cases shall be the same as in cases in chancery.

We think the county court in such cases, under this law, possesses the jurisdiction and power to proceed in the same summary manner as the circuit court proceeds in cases of sales of land under decrees in chancery, and unless the same necessary preliminary steps are taken in cases of refusal of a purchaser to complete his purchase at an executor's or administrator's sale, no recovery can be had of the purchaser for a loss on a re-sale. Before any liability attaches the purchaser must be called upon by the court to complete his purchase, and allowed an opportunity to show cause for not doing so. This is the chancery practice adopted in this state, and the law declares that the same practice must govern in cases arising in the county court.

Judgment reversed.