## JOHN S. PEIRSON, ADMINISTRATOR, ETC., v. GARRETT T. FISK.

*Estates of deceased persons—Sale of real estate by administrator— Failure to pay bid—Resale—Deficiency.*

1. An administrator who makes a sale of real estate under a license from the probate court must report the sale to that court, which alone has power to determine what further pro-

ceedings shall be had; and he cannot himself declare the sale off, and proceed to a resale.

2. A purchaser of land at an administrator's sale cannot be said to be legally in default in neglecting or refusing to pay the purchase price until after the service upon him of the notice required to be given by 3 How. Stat. § 6045, which provides that if such a purchaser shall, for the period of 20 days after the sale has been confirmed and a conveyance directed, neglect to pay or cause to be paid the sum bid on such sale, the court may, in its discretion, revoke the order of confirmation and vacate the sale upon the application of the administrator, and after such notice to the purchaser as the probate court may direct.

3. Such notice may be either that the purchaser pay the amount of his bid within a certain time, or, in default thereof, that a resale be had, and he held for the deficiency, if any, arising on such resale, or that he appear and show cause why he should not pay his bid and complete the sale.

Error to Hillsdale. (Lane, J.) Argued January 5, 1894. Decided February 12, 1894.

*Assumpsit.* Defendant brings error. Reversed, and no new trial ordered. The facts are stated in the opinion.

*Fellows & Chandler,* for appellant.

*Watts, Bean & Smith,* for plaintiff.

GRANT, J. Plaintiff, as administrator, under a license duly granted by the probate court for the county of Lenawee, advertised and sold certain real estate. The first sale was made April 30, 1891, to one Spencer Willy, for $200. Plaintiff made report of sale to the court, upon which the judge indorsed:

"Not confirmed.
                    "R. B. ROBBINS, Judge of Probate."

Plaintiff again advertised the property for sale, under his original license, without any order setting aside the sale to Willy or directing a resale. Upon this sale the land was bid in by the defendant for the sum of $400. A few

days after the sale the defendant refused to carry it out, informing plaintiff that he was acting as agent for another party, who had declined to take it. Defendant told plaintiff that it would be useless for him to make out and tender a deed, or to report the sale to the court for confirmation, because he would not accept the deed or pay the money. Plaintiff made no report of this sale to the probate court, but immediately proceeded to advertise and sell again. Upon the third sale the land was sold to one Olds, who in fact purchased for the defendant, and afterwards deeded the land to him. This suit is brought to recover the difference, $150, between the last two sales.

Defendant interposes several defenses, one only of which it is necessary to notice, as it is fatal to the plaintiff's right of recovery:

Report, confirmation of sale, and tender of a deed were necessary, in order to bind the defendant. The provisions of the statute governing these sales are as follows:

"The executor or administrator making any sale shall immediately make a return of his proceedings upon the order of sale, in pursuance of which it is made, to the judge of probate granting the same, who shall examine the proceedings, and may also examine such executor or administrator, or any other person, on oath touching the same; and if he shall be of opinion that the proceedings were unfair, or that the sum bid is disproportionate to the value, and that a sum exceeding such bid at least ten per cent., exclusive of the expenses of a new sale, may be obtained, he shall vacate such sale and direct another to be had, of which notice shall be given, and the sale shall be, in all respects, conducted as if no previous sale had taken place." How. Stat. § 6044.

"If it shall appear to the judge of probate that the sale was legally made and fairly conducted, and that the sum bid was not disproportionate to the value of the property sold, or, if disproportionate, that a greater sum as above specified cannot be obtained, he shall make an order confirming such sale, and directing conveyances to be executed; but if the purchaser shall for the period of twenty days

thereafter neglect to pay or cause to be paid the sum bid at such sale, the court may, in its discretion, revoke such confirming order and vacate such sale upon the application of the executor or administrator making such sale, and after such notice to the purchaser as the probate court may direct, and shall thereupon direct another sale to be had, of which notice shall be given, and the sale shall, in all respects, be conducted as if no previous sale had taken place." 3 How. Stat. § 6045.

To render a sale valid under these provisions, there must be a substantial compliance with them. The administrator cannot act upon his own motion, but only under the direction of the probate court. When a sale is once made, it is not in his power to declare it off, and proceed to a resale. He must report to the court, which alone has power to determine what further proceedings shall be had. The purchaser cannot be said to be legally in default until after the service of such notice as the probate court may direct. The statute does not provide what the character of this notice shall be. It might be either that he pay the amount of the bid within a certain time, or, in default thereof, that a resale be had, and he held for any deficiency, or that he appear and show cause why he should not pay his bid and complete the sale. A neglect or refusal to pay does not dispense with this notice. The sale, in order to be effectual and valid, must be reported and confirmed. No title can pass until such an order is made, and a conveyance directed by the court. *Young v. Keogh,* 11 Ill. 642; *Hill v. Hill,* 58 Id. 239; *Greenwalt v. McClure,* 7 Ill. App. 152; *Wagner v. Cohen,* 6 Gill, 97; *Mitchell v. Harris,* 43 Miss. 314; *Rea v. M'Eachron,* 13 Wend. 470. It is apparent that a compliance with these provisions is necessary in order to prevent collusion and fraud. The court is in fact the party making the sale, and the administrator acts only as its agent, and under its authority, which must be of record. The statute contemplates that these proceed-

ings must not rest in parol, for it. is provided that each judge of probate shall keep a true and fair record of all orders and decrees. How. Stat. § 6756.

The learned counsel for the plaintiff rely upon *Camden v. Mayhew*, 129 U. S. 73, where the terms of the sale were, under the decree of the court, "cash in hand upon the day of sale." It was held that no confirmation of the sale was necessary in order to fix liability for a deficiency arising upon a resale, if the purchaser refused, without cause, to fulfill his contract. This decision was based upon the terms of the decree, which in no respect was similar to the statutes of this State.

Judgment is reversed, with costs of both courts, and no new trial ordered

The other Justices concurred.