Joseph S. McBrayer et al., Appellees, v. Edward Jordan, Appellee, Elias H. Doan, Appellant.

Filed April 5, 1905.  No. 13,760.

1. **Review: Parties.** When there has been a trial and judgment in replevin after the death of the plaintiff and without revivor or suggestion of death upon the record, the sureties in the replevin bond have such an interest as entitles them to have the error corrected by direct proceedings under the statute.

2. **Replevin Bond: Sureties: Defenses.** It is a complete defense to sureties sued upon a replevin bond that the court was without jurisdiction to render the judgment in replevin or that such judgment was obtained by fraud.

Appeal from the district court for Red Willow county: Robert C. Orr, Judge. *Reversed and dismissed.*

*C. E. Eldred* and *W. S. Morlan,* for appellant.

*W. R. Starr* and *F. I. Foss, contra.*

Ames, C.

Appellees are sureties upon a replevin bond in an action begun in justice's court by Charles F. Brewer against appellee Jordan, who held the property under a judicial writ issued at the suit of appellant Doan. There was an appeal to the district court from a judgment for the plaintiff. Shortly after filing a new petition in the latter court the plaintiff died. The death of the plaintiff was not suggested or made apparent of record, but the cause proceeded to trial and a judgment for the defendants, as though he had continued in life but failed to appear and participate. After the lapse of more than three years from the date of the rendition of the judgment this action was brought by the sureties to procure a perpetual injunction against its enforcement, on the ground that it was procured by fraud and imposition upon the court that rendered it and that the defendant Doan was about to bring suit against the

plaintiffs on the replevin bond. There was a judgment as prayed, and the defendants appeal. The fraud alleged, but of which there is no proof, is that the attorneys for the defendant in replevin represented to the court at the time of obtaining judgment therein that the plaintiff Brewer was alive, although they knew him to be dead. We do not understand that this point is now seriously urged, and if it were so, we should not, for reasons presently to be stated, deem it material. But it is insisted that the replevin judgment is absolutely void for failure to suggest the death of the plaintiff therein and procure a revivor. The judgment does not run against the plaintiffs (appellees) who were not parties to the suit, but merely sureties upon the replevin bond. They undertook by that instrument that their principal should duly prosecute the action and become bound for the consequences of his failure so to do. If the judgment is erroneous merely or impeachable for fraud or irregularity not apparent on the face of the record, they undoubtedly had such an interest as to entitle them, after the death of the plaintiff, to take such direct proceedings under sections 602-609 of the code, or otherwise, as were requisite for its reversal. If it is wholly void either for fraud or because the court for any reason lost jurisdiction of the suit, that fact is pleadable as a complete defense to any action on the bond. In any case the appellees have, or have had and have lost by neglect, an adequate remedy at law, and a court of equity is without jurisdiction; and we recommend that the judgment of the district court be reversed and the action dismissed.

Letton and Oldham, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the action dismissed.

Reversed.