HENRY ROHLFF v. ESTATE OF WILLIAM SNYDER, DE-
CEASED ET AL.

FILED APRIL 5, 1905. No. 13,762.

Administrator's Sale: VACATING. In an administrator's sale the property sold for $3,625. After sale, and before confirmation, $4,000 was offered for the property by a responsible bidder, and the evidence showed that it would sell for that amount at a resale.

The district court set the sale aside on the motion of the administrator and ordered a resale. *Held*, That the order setting the sale aside and ordering resale was proper.

Error to the district court for Sarpy county: George A. Day, Judge. *Affirmed*.

*G. W. Shields*, for plaintiff in error.

*H. Z. Wedgwood, contra.*

Letton, C.

At an administrator's sale of real estate in Sarpy county, a certain lot in the village of Papillion was sold to Henry Rohlff for the sum of $3,625. Upon the report of sale being filed with the district court, the administrator moved to set aside the sale to Rohlff on the ground that the lot was sold for an inadequate price; that since the sale he had been offered an advance for the same over and above the selling price of more than 10 per cent., and has a written agreement with one Megal, a responsible person, who agrees to bid and to pay $4,000 for the premises upon a resale, and that Megal has deposited $500 with him as a forfeit if he fails to make the bid of $4,000. At the hearing, upon the report of sale, the court found that the sale was conducted in conformity with law; that since the sale a *bona fide* offer had been made to the administrator of a sum equal to 10 per cent. more than the premises sold for, with amount sufficient to cover the amount of probable costs of a resale, and found further that there were certain minor heirs who have interests in the estate, and that these heirs by their guardian *ad litem* are objecting to the confirmation. The court then set aside the sale to Rohlff and ordered a resale. From this order refusing confirmation Rohlff has appealed to this court.

Testimony was taken at the hearing in regard to the value of the property, which shows, in substance, that at

the administrator's sale William Krug, Wendell Megal and Henry Rohlff were bidders. That Krug bid $3,600, and no more, and Megal $2,600, and no more; that after Megal had bid $2,600, he and Krug had a private conversation, after which Megal bid no further. Rohlff and Krug are rivals in the wholesale and retail beer business, and desired to obtain the property for engaging in that business. Rohlff testifies that the property is not worth to exceed $3,000, and brought $3,625 because of the business rivalry existing betwen him and Krug. Megal's testimony tends to show that Krug is the real party in interest in the new offer of purchase at $4,000 which has been made.

On appeal Rohlff argues that the property was not worth more than the bid; that the application to set aside the sale was made for Krug's benefit; that the proceedings at the sale were fair, and the bid was not disproportionate to the value of the property sold, and that the evidence does not show that an increase of 10 per cent. over the price at the sale, exclusive of the expenses of a new sale, has been offered. We think it unnecessary to enter into an abstract discussion as to what was the actual or "intrinsic" value of the property aside from the competition of Rohlff and Krug. Its value in this instance to the owners is what it would sell for. The evidence shows it will sell for $4,000 at a resale, hence, for the purpose of this controversy, that sum is its actual value. The provisions of the statute with respect to administrators' sales are such as to apprise every bidder of the contingency that the sale may be set aside if a sum greater by 10 per cent. than the amount of his bid, together with the expenses of resale, is offered for the property before confirmation. He buys subject to this contingency.

It was the duty of the court to protect the estate of the minor heirs who were interested in the property. The court will not inquire into the motives of the person making the offer.

We think the district court was fully justified in order-

ing a resale, and recommend that its judgment be affirmed.

OLDHAM and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.