(June 15, 1910.)

·JAMES McGREGOR, Appellant, v. SIGNA JENSEN et al., Respondents.

[109 Pac. 729.]

:PROBATE COURT—REAL ESTATE—ADMINISTRATOR'S SALE OF—CONFIRMA-TION OF SALE—OBJECTIONS TO CONFIRMATION—APPEAL TO DISTRICT COURT—TRIAL DE NOVO—EVIDENCE—SETTING ASIDE ORDER OF CON-FIRMATION—DISPROPORTIONATE BID—ACCEPTANCE OF NEW BID—RIGHTS OF BIDDER.

(Syllabus by the court.)

1. Under the provisions of sec. 5520, Rev. Codes, when an ·administrator makes a sale of real estate, he must make a return of his proceedings to the probate court, and a hearing upon such return for the confirmation of the sale must be had and notice thereof must be given in compliance with the provisions of said section. Objections may be made to the confirmation of the sale by anyone interested. Upon the hearing the court must examine the return and witnesses in relation to the same, and if the court finds that the proceedings were unfair or the sum bid dispropor· tionate to the value of the property sold, and if it appears that a sum exceeding such bid by at least ten per cent exclusive of the expenses of a new sale may be obtained, the court may vacate the sale and direct another to be had; if an offer of ten per cent more in amount than that named in the return be made to the court in writing by a responsible person, it is then in the discretion of the court to accept such offer and confirm the sale ·to such person, or ·to order a new sale.

2. *Held,* that the phrase "disproportionate to the value," as used in said section 5520, means disproportionate to the value at the time the bid was made.

3. Where objections are made to the confirmation of the sale and on a hearing it appears to the probate court that the sale was fair and that the sum bid was a reasonable and fair value for the property sold, it is the duty of the probate court to confirm the sale.

4. On an appeal from an order confirming a sale, the district court is authorized to try the case anew upon the issues made in the probate court, and if it appears from the evidence adduced on the hearing that the proceedings were fair and the sum bid is not disproportionate to the value of the property sold, it is the duty of the district court to affirm the order of confirmation made by the probate court.

5. *Held,* that the evidence introduced on the trial in the district court establishes the facts that the proceedings in regard to the sale of the real estate involved were fair and regular, and that the bid offered and accepted by the probate court was not disproportionate to the value of the property at the time said bid was made.

6. *Held,* that the district court erred in setting aside the order confirming the sale of said real estate and accepting the bid of Jensen.

APPEAL from the District Court of the Sixth Judicial District, for Custer County. Hon. Edward A. Walters, Presiding Judge.

From a judgment setting aside an order for the confirmation of the sale of real estate and refusing to confirm the sale by the district court on an appeal from the probate court, the purchaser at the sale appeals. *Reversed.*

W. W. Adamson, for Appellant.

The district court had no right or authority under the law to accept a new bid for the sale of the property; all that it had jurisdiction to do was to reverse the judgment of the probate court and send back the case with instructions to order a new sale, for the making of a new bid in the district court constituted the framing of a new issue, the making of the finding upon a new issue that was not before the probate court and the entering of a judgment beyond the issues framed in the probate court. (*Estate of Skelly,* 21 S. D. 424, 113 N. W. 91–93.)

Sec. 5520, Rev. Codes, is identical with sec. 1552, Kerr's C. C. P., Cal. (*In re Leonis' Estate,* 138 Cal. 194, 71 Pac. 171. See, also, *Dunn v. Dunn,* 137 Cal. 51, 69 Pac. 847; *Allen v. Martin,* 61 Miss. 78; *Howell v. Mills,* 53 N. Y. 322; *Lefevre v. Laraway,* 22 Barb. 167.)

Milton A. Brown, for Respondents.

"Trial *de novo*" means "to try anew" or "a second time," that is, to retry the case upon the original papers and upon the same issues as the case was tried in the probate court. (*Estate of McVay,* 14 Ida. 64, 93 Pac. 31.)

Upon a proper showing the probate court had power to order the Jensen bid accepted and the property transferred to Mr. Jensen. Is it possible to suppose that the district court while exercising its appellate power and conducting a trial *de novo* did not have the same power, or at least such power as would authorize the district court to certify such a judgment back to the probate court for execution? (*Fisher v. Board,* 4 Ida. 381, 39 Pac. 552; *Latah County v. Hasfurther,* 12 Ida. 797, 88 Pac. 433; *Gardner v. Blaine Co.,* 15 Ida. 702, 99 Pac. 826.)

When the appeal is taken on questions of both law and fact (as in this case), "The procedure seems to be plain, . . . . and thereafter the latter court has exclusive jurisdiction and its judgment is final." (*Maxson v. Superior Court,* 124 Cal. 468, 57 Pac. 379.)

The plain intent of the statute is to allow the probate court, or the district court on an appeal, when there has been anything unfair in the proceeding, or it appears that the price bid is disproportionate to the value of the property, and it appears that a bid ten per cent, etc., may be obtained, to order a new sale. (*Estate of Griffith,* 127 Cal. 543, 59 Pac. 988; *Estate of Reed,* 3 Cal. App. 142, 85 Pac. 155; *Griffin v. Warner,* 48 Cal. 385.)

SULLIVAN, C. J.—This is an appeal from a judgment of the district court reversing and setting aside an order of the probate court of Custer county, confirming the sale of cer-

tain mining claims to the appellant, James McGregor, for the sum of $1,675. One feature of this case was before this court at its January, 1909, term. (See *In re Estate of Christensen*, 15 Ida. 693, 99 Pac. 829.) That appeal was from the order of the district court dismissing the appeal from the probate court. The case was tried *de novo* in the district court upon the return of the *remittitur* from this court. The plaintiff introduced testimony in support of the confirmation of the sale of said mining claims. Signa Jensen, the contestant, offered no testimony in support of her objections to the confirmation of the sale, but Nels C. Jensen, a stranger to the suit up to the date of the trial in the district court, filed a bid of $1,900 with the district court for such mining claims and costs of a resale. The district court accepted the bid of Jensen and entered judgment vacating the order confirming the sale to Nels C. Jensen, who was made one of the respondents here, accepted his bid of $1,900 for said property, and ordered that said judgment be certified back to the probate court of Custer county. From that judgment this appeal is taken.

Some question was raised on the oral argument about the transcript containing all of the evidence produced on the trial in the district court. That matter has been fully settled by stipulation of respective counsel, to the effect that the record contains a full, true and correct statement of all the evidence introduced before the district court at the trial or hearing of said cause.

Two errors are assigned: The first is that the court erred in accepting the bid of said Jensen, and the second, that the court erred in making the order confirming the sale to Jensen and vacating and setting aside the order of the probate court confirming the sale to McGregor.

On the former appeal, this court held that the return to the order of sale and the objections thereto constituted the issues to be tried by the district court. In *Re Estate of McVay*, 14 Ida. 64, 93 Pac. 31, this court held that the district court had appellate jurisdiction from the probate court in probate matters to retry the same issues at law and fact as

were heard and determined by the probate court. The issues in the case at bar were made by the return to the order of sale and the objections made to the confirmation of the sale, and the district court was authorized to try and determine only those issues. Upon the trial, the evidence produced by the plaintiff showed that the proceedings were all regular, and that the said mining claims were sold for all they were worth. The testimony also shows that the administrator, prior to said sale, requested the said Nels C. Jensen to put in a bid for said mining claims, but he declined to do so. The respondent, Signa Jensen, produced no evidence whatever in support of her objections to the confirmation of said sale. Nels C. Jensen thereupon made his bid of $1,900 for said claims, which was made nearly two years after McGregor's bid of $1,675 had been accepted and confirmed by the probate court, and the bid so offered by Jensen was accepted and confirmed by the district court.

The property was offered for sale in 1907; the sale was made to McGregor in January, 1908, and confirmed by the probate court on the 5th day of February, 1908. McGregor expended in doing assessment work and in protecting and improving the claims, prior to the time of the trial in the district court, more than $200. Adding that to the interest on his money would indicate that the claims would cost him, at the time Nels C. Jensen made his bid, more than $1,900, and it will not be contended that whatever amount was necessary to protect the title to said claims from the time McGregor's bid was accepted and confirmed up to the date of the trial of the appeal in the district court would not be a legal claim against said estate in case McGregor's bid was set aside. As we view it from all of the evidence, Jensen's bid of $1,900 was not as beneficial to the estate at the time it was made as was the bid of McGregor at the time it was made.

Sec. 5520 of the Rev. Codes is as follows:

"The executor or administrator, after making any sale of real estate, must make a return of his proceedings to the court, which must be filed in the office of the clerk at any

time subsequent to the sale. A hearing upon the return of the proceedings may be asked for in the return or by petition subsequently, and thereupon the court or judge must fix the day for the hearing, of which notice of at least ten days must be given by the clerk by notices posted in three public places in the county, or by publication in a newspaper, or both, as the court or judge shall direct, and must briefly indicate the land sold, the sum for which it was sold, and must refer to the return for further particulars. Upon the hearing, the court must examine the return and witnesses in relation to the same, and if the proceedings were unfair, or the sum bid disproportionate to the value, and if it appear that a sum exceeding such bid at least ten per cent, exclusive of the expenses of a new sale, may be obtained, the court may vacate the sale and direct another to be had, of which notice must be given, and the sale in all respects conducted as if no previous sale had taken place; if an offer of ten per cent more in amount than that named in the return be made to the court in writing by a responsible person, it is in the discretion of the court to accept such offer and confirm the sale to such person, or to order a new sale.''

Under the provisions of that section, upon the hearing had for the confirmation of the sale, the court must examine the return and witnesses in relation to the same, and if the court finds that the proceedings were unfair or the sum bid disproportionate to the value of the property sold, and if it appear that a sum exceeding such bid, at least ten per cent exclusive of the expense of a new sale, may be obtained, the court may then vacate the sale and direct another to be made; and the last provision of said section is to the effect that if an offer of ten per cent more in amount than that named in the return be made to the court in writing by a responsible person, it is then in the discretion of the court to accept such offer and confirm the sale to such person, or order a new sale. The ''discretion'' there referred to, of course, is a legal discretion; but before the court can exercise that discretion, an offer by a responsible person of ten per cent more than that named in the return must be made.

The provisions of that section clearly contemplate that the offer there referred to must be made in the probate court at the time of the hearing of the confirmation, and not a long time after said hearing and after an appeal has been taken to the district court. And there must be evidence showing that the proceedings were unfair and that the sum bid was "disproportionate" to the value of the claim at the time the bid was made. There is not a particle of evidence showing, or tending to show, that the sale to McGregor was unfair or that his bid was disproportionate to the value of the mining claims at the time he made his bid. While the evidence shows that the claims have not increased in value, it also appears that McGregor has expended more than $200 on said claims in doing assessment work and otherwise improving them. This amount which he has expended in good faith on the claims he would certainly be entitled to recover from the estate, provided his sale is not confirmed, and adding the amount he has expended to the amount of his bid, $1,675, with interest on such money, it would equal, if not exceed, the amount bid by Jensen. It thus appears that said estate would not realize any more, if as much, out of the amount bid by Jensen as it would out of the bid of McGregor.

Said sec. 5520 is identical with sec. 1552, Kerr's Code of Civil Proc., California, under the provisions of which *In re Leonis' Estate,* 138 Cal. 194, 71 Pac. 171, was decided by the supreme court of California. In that case, after proper order and notices had been made and given, the bid of one Andrada, the appellant therein, being the highest bid received, was on January 25, 1902, accepted and the property sold to him subject to the confirmation by the court. On March 5, Irma and Marie Leonis appeared and objected to the confirmation of the sale, and on March 12th further objections were filed, most of which are identical with the objections filed in the case at bar, and upon the hearing, confirmation of the sale was denied and an appeal was taken from that order. The supreme court, in rendering the decision in that case, said:

"The appellant had become the purchaser of the property subject to the supervision of the court, and certainly had rights which could not be lightly thrown aside or disregarded. He was responsible for the amount of his bid and might have been compelled to stand by it. Even if the property had depreciated in value or become valueless after the bid and before the confirmation, this would not relieve him; and, while he had assumed certain obligations as a purchaser, he obtained certain legal rights which are to be as much protected and enforced as the rights of other persons."

As stated in that case, the purchaser in the case at bar was responsible for the amount of his bid and might have been compelled to stand by it even if the property had depreciated in value, and by making his bid, he assumed certain obligations and obtained certain legal rights which the court must protect and enforce the same as the rights of other persons. As above stated, the administrator requested Nels C. Jensen to bid for said property at the time of the sale to McGregor, but he absolutely refused to do so, and now for the district court to permit him to come in on appeal, nearly two years thereafter, and become the purchaser of the property upon the evidence adduced at this trial, would be most unjust and inequitable to McGregor.

The judgment of the district court is reversed and the cause remanded, with instructions to affirm the order of the probate court in confirming the sale of said mining claims to McGregor. Costs of this appeal are awarded to the appellant.

Ailshie, J., concurs.