FRANK NIEDWICKI *et ux.* *vs.* FELIX BELASCO *et al.*

MAY 29, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J. Heard on complainants' appeal from a final decree dismissing a bill in equity against Felix Belasco and Vincenzo Belasco.

The bill alleged that complainants were owners of a certain parcel of real estate with a building thereon in Providence on which an attachment had been placed by virtue of a writ in which respondent Vincenzo was plaintiff and complainants were defendants; that proceedings under this writ resulted in judgment for Vincenzo upon which execution issued April 14, 1927; that pursuant thereto the sheriff advertised said property for sale on August 13, 1927; that the sale was continued to September 17, 1927, at which time a continuance was taken to October 1, 1927; that the sheriff on September 17, purported to sell said real estate to respondent Felix. The bill averred a tender of costs, fees and expenses to Vincenzo and offered to pay these with the amount of the execution into court and sought a conveyance from Felix. The bill was based on the theory that no legal sale was made by the sheriff on September 17.

From the record before us it is not clear how fully the case was presented in the Superior Court. We may surmise that complainants' counsel, who were other than those now appearing, lost faith in the merits of their claim or found the Niedwickis intractable. The present counsel in argument asserted many facts not in the record. Our review must be confined to the record or such reasonable inferences as may be drawn therefrom.

At a hearing on November 9, 1927, on the bill, answer and issues of fact, the only testimony taken was that of complainant Niedwicki and the deputy sheriff who made the purported sale. The former's testimony is much confused and indicates both obstinacy and lack of comprehension of the nature of the legal proceedings against him. The latter testified that, on the 7th of September, Niedwicki came to him and asked "How much the cost was and when it was going to be sold" whereupon Niedwicki was told that the sale would take place on the 17th and was referred to the attorney for Vincenzo, the judgment creditor, with directions to make any arrangements he desired with him; that on Saturday the 17th, at the sheriff's office, respondent Felix

bidding $75 became the purchaser. The evidence shows nothing of the attendance at the sale, the number of bidders, the value of the property sold, whether the price bid sacrificed it or whether respondent Felix bore any relationship to respondent Vincenzo. The sheriff further testified that he announced that he was selling Niedwicki's right, title and interest, that he knocked down the property to Felix who thereupon paid cash and the sheriff told him the deed would be ready after 'the following Thursday. The sheriff then announced, "This sale stands continued for two weeks, at the same time and place." The sheriff testified the announcement was in accordance with a practice of his office, in order to keep the levy alive so that a resale can be made if the purchaser to whom property has been knocked down backs out or there is some irregularity about the sale. This explanation must mean that the sheriff did not regard the payment of the $75 as a completion of the sale pursuant to the levy, that the purchaser might withdraw or the sheriff might decline to execute a deed and that the completion of the sale could not be made before October 1. Prior to that date the present bill had been filed after respondent Felix refused to have anything to do with Niedwicki and his offer to redeem, Felix claiming he had bought the real estate at sheriff's sale and would not give it up. The transcript of November 9 closes with the words "One week for briefs." No decision then or subsequently appears upon the record.

On motion day, January 31, 1928, a final decree was entered dismissing the bill. We are not informed what representations were made to the court at that time.

The question presented to us is whether a completed sheriff's sale pursuant to the execution was made on September 17. If so no resale could have been made by the sheriff on October 1, to which date he continued the sale. 35 C. J. 117, n. 54. *Peirson* v. *Fisk*, 99 Mich. 43. The announcement on September 17 evidently was not a continuance for the purpose of delivery of the sheriff's deed.

No necessity for announcement of continuance to a definite time and place existed if the sale had been completed and only delivery of deed after Thursday remained to be done. Continuance of the sale to a definite day, place, and time, and the reason given for doing so indicates that the sheriff was treating what had been done as tentative and that the buyer might still withdraw; that a resale might be necessary or that some other irregularity might appear and that the sheriff could make a resale pursuant to this levy and advertisement. One can only surmise what irregularity may have been in the sheriff's contemplation to cause the continuance. It may have been to prevent a sacrifice because of inadequacy of bid, insufficient attendance, ignorance of Niedwicki or perhaps even to give him an opportunity to pay the execution. 16 R. C. L., p. 53, § 38; 35 C. J. 35; *Blossom* v. *R. R. Co.*, 70 U. S. (3 Wall.) 196. We know nothing of the amount of judgment for which execution was issued nor anything of the value of Niedwicki's rights which were sold.

Whether or not a sale has been made is for the sheriff to declare after receiving bids. Until he has declared an unconditional sale the judgment debtor is entitled to pay the judgment and costs and stop further proceedings. *Blossom* v. *R. R. Co., supra.* Such payment Niedwicki's bill, filed prior to the date to which the sale had been continued, offered to make. Dismissal of the bill was error.

Upon the facts before us it is apparent that Niedwicki's ignorance and obstinacy were the causes of his difficulties. He is not entitled to a decree directing a conveyance from Felix to himself because Felix did not secure a good title. The sheriff could not complete the sale after the filing of the bill. The relief to which the complainants are entitled is a decree declaring the sheriff's so-called sale of September 17 null and void, and enjoining respondent Vincenzo from enforcing his execution if complainants shall pay Vincenzo's judgment, costs and expenses including a reasonable counsel fee as fixed by the final decree, such payment to be made on

or before the time fixed in said decree; otherwise Vincenzo's execution may be enforced in the usual manner.

The decree appealed from is reversed.

The parties may present a form of decree, for entry in the Superior Court, in accordance with this opinion.