HARTELT, Respondent, v. PETOSKY, et al, Appellants.

(228 N. W. 798.)

(File No. 6751. Opinion filed January 28, 1930.)

*Clark & Wyman,* of Yankton, for Appellants.

*H. A. Robinson,* of Yankton, and *William P. O'Brien,* of St. Paul, Minn., for Respondent.

BURCH, J. This is an action to quiet title to real property in the city of Yankton. The complaint is in the statutory form. The answer denied plaintiff's title and sets forth the title of defendant John G. Petoskey and asks that his title be confirmed and quieted in him. Said Petoskey is the only defendant whose rights are involved on this appeal, and he is the only defendant whose rights need be considered or mentioned in this opinion. The facts are stipulated except as to the value of the property at the time of its transfer by administrators' sale hereafter mentioned.

Plaintiff claims title by sheriff's deed upon foreclosure of a mortgage given to her by Agnes Grosse on the 11th day of March, 1912, purporting to secure the payment on March 11, 1917, of $2,000 with interest. Plaintiff foreclosed this mortgage by advertisement, received a sheriff's certificate of sale, and later, on the 3d of September, 1927, received a sheriff's deed. Agnes Grosse was at the time of the execution of the mortgage, for a long time prior thereto, and at all times subsequent thereto, to the date of her death, insane and wholly incompetent by reason thereof to manage her own affairs. In 1906 she was declared by competent authority insane and a fit subject for treatment in the State Hospital for Insane; but whether or not she was at any time committed to that institution or had a guardian does not appear. She died August 17, 1918, and her estate was administered. Plaintiff is a sister of Agnes Grosse and the sole heir to her estate.

Defendant Petoskey's title is derived as follows: After the death of Agnes Grosse, the property was sold at private sale by the administrator of her estate to L. J. Becker for $700 cash, subject to incumbrances. Except taxes there was no incumbrance other than the $2,000 mortgage of plaintiff. For the purposes of sale the property was appraised at $3,000. The actual value of the property at that time was not stipulated, but a witness was called and testified to a value much in excess of the appraised value, which was not disputed. Becker submitted his bid in form subject to "all state and county taxes, and all assessments and liens of whatever name or nature, which are now, or may hereafter become chargeable to or liens against the property purchased," but did not specify any particular lien. The administrator did, however, in his report of sale upon which the county court confirmed the sale to Becker, report that the sale was subject to plaintiff's mortgage of

$2,000 upon which a large amount of interest was due, and that the price bid was therefore not disproportionate to the true value of the property. The title thus derived by Becker was successively transferred and now rests in Petoskey as the last transferee. All matters required to be of record were duly recorded and no question of notice is involved. The trial court rendered judgment in favor of plaintiff, and defendant Petoskey appeals from the judgment and an order denying a new trial.

The correctness of the judgment is the only question involved. The gist of appellant's contention is that the mortgage to plaintiff was absolutely void, and on that assumption the several assignments are based. Appellant says the court erred in considering the facts of the administrator's report concerning the mortgage of plaintiff and its assumption by Becker, and in considering the bid as an offer to buy subject to liens, because, the mortgage being void, such facts are immaterial. But the action is more than one to determine plaintiff's title under the sheriff's deed. It involves defendant's claim of title under administrator's deed. He has deraigned his title and asks the court to quiet the title in him. Such evidence is not immaterial on that issue. If plaintiff's mortgage was void, it follows that Becker's title upon which defendant relies is also void, because derived from an illegal administrator's sale. Section 3444, R. C. 1919, provides that no such sale can be confirmed unless it be for at least 90 per cent of the appraised value of the property sold. The property was appraised at $3,000, and without plaintiff's mortgage as a lien the bid was far short of the required amount for which the sale could be made or confirmed. The confirmation was made on the report of the lien of plaintiff's mortgage, without which the court would have been bound to disapprove the sale. Becker, if he purchased, was bound by the contract reported to the court. He could not make a different contract with the administrator who had no power to sell without consent of the court, and stand by and let the administrator, to obtain the approval of the court, report a sale contrary to his agreement, and thereafter repudiate the contract as reported without repudiating the sale. By accepting the sale he approved the contract as reported. Neither he nor his successors in interest are in position to object to the validity of the mortgage. Appellant's contention that his position is the same as a purchaser at execution sale where the

interest of the judgment debtor is sold at public auction is not tenable. Such sales do not require that the extent of the interest be known and the rule of caveat emptor applies with full rigor. Private sales by administrators are very different, being subject to detailed contract for the sale of a known estate capable of appraisement with a limitation upon the price for which it may be sold. Where such sales are made upon specific contracts, the terms of the contract are binding. The existence of the mortgage is as essential to Petoskey's title as it is to plaintiff's. To hold with appellant would be to defeat the title under either deed, but when that was done, under the stipulated facts, plaintiff would appear as the owner by inheritance, she being the sole heir of Agnes Grosse.

█ If the mortgage was valid, plaintiff's title by sheriff's deed is valid. If not, she has title by inheritance. In any event, she is entitled to a decree in her favor on the question of title. There being no question between heirs and mortgagee, it is immaterial to Petoskey by what right she claims, and he is not prejudiced by the decree. Appellant's claim of present title is untenable. He claims no other right, although he has had full opportunity to do so if he has any. Therefore, if error was committed, no prejudice appears, and it will not be necessary to further consider his assignments of error.

The judgment and order appealed from are affirmed.

BROWN, P.J., and POLLEY and SHERWOOD, JJ., concur.

CAMPBELL, J., concurs in result.

CAMPBELL, J. Respondent claims title through mortgage foreclosure. The title of appellant, in its very inception was expressly subject to that mortgage, and in recognition of the existence and validity thereof. The amount thereof was deducted from the purchase price, in substance and effect, at the administration sale. Under the circumstances of this case appellant cannot now be heard to question the validity of the mortgage. I agree that there must be an affirmance.