Re POULSEN'S Estate

SAMPSON, Appellant, v. EXON, Respondent

(22 N. W.2d 734)

(File No. 8822.   Opinion filed May 6, 1946.)

Rehearing Denied June 15, 1946.

See, also, 22 N. W,2d 737.

**Everett A. Bogue,** of Vermillion, for Appellant.

**W. R. Cleland,** of Vermillion, and **Danforth & Danforth,** of Sioux Falls, for Respondent.

SICKEL, J. This action involves the validity of an order confirming a sale of real estate in a probate proceeding.

Bertha Sampson, the administratrix of the estate of Peter Poulsen, deceased, obtained an order to sell real property at private sale. Notice of sale was published and John Pavlis submitted a bid of $800. The administratrix made a return of sale and petitioned for the confirmation of the Pavlis bid. Notice of hearing thereon was given. At the hearing James H. Exon bid the sum of $880 which the county

judge announced orally he would accept. After the hearing a letter was written on behalf of the administratrix by her attorneys to the attorneys for Exon, and presented to the county court, to the effect that the bids submitted by Pavlis and Exon were both disproportionate to the value of the property and that Pavlis had submitted another bid of $968, which was ten per cent more than the amount of the Exon bid, and asking that all bids be rejected and a new sale ordered. Two days later the county court made and entered an order accepting the Exon bid of $880 and confirming the sale to him. Then the administratrix appealed to the circuit court where the order of the county court was affirmed. Thereafter the administratrix appealed to this court.

Appellant does not claim that the proceedings were unfair, nor does she contend that the county court was authorized to accept the second bid by Pavlis. What she does claim is that the second bid of Pavlis imposed upon the court the duty of rejecting the Exon bid and ordering a new sale.

SDC 35.1531 contains the following provision relating to confirmation of sales of real property in the county court "Upon the hearing the court must examine the return and witnesses in relation to the same, and if the proceedings were unfair, or the sum bid disproportionate to the value, and if it appears that a sum exceeding such bid at least ten per cent, exclusive of the expenses of a new sale, may be obtained, the court may vacate the sale and direct another to be had, of which notice must be given, and the sale in all respects conducted as if no previous sale had taken place; if an offer ten per cent more in amount than that named in the return be made to the court in writing by a responsible person, it is in the discretion of the court to accept such offer and confirm the sale to such person or to order a new sale.

SDC 35.1533 contains the following provision: "If after the confirmation the purchaser neglects or refuses to comply with the terms of sale, the court may, on motion of the executor or administrator, and after notice to the purchaser, order a resale to be made of the property. If the amount realized on such resale does not cover the bid and the ex-

penses of the previous sale, such purchaser is liable for the deficiency to the estate."

■ At the time of the hearing on the report of sale and petition for confirmation, the court was authorized by the statutes to consider any offer of ten per cent more than that named in the return of sale, if made in writing by a responsible person. The statutes permitted the court to accept such an advanced bid and confirm the sale to the bidder, or order a new sale. The Exon bid was made according to the terms of the statute and the order of sale. But the second Pavlis bid was not made nor reported to the court until several days after the hearing. That bid did not comply with the statute as to the time of presentation and therefore the court could not accept it. This appellant concedes.

■ The statute also provides that the court may order a new sale if it be shown that the proceedings were unfair, or if it be shown that the best sum bid is disproportionate to the value of the property, and if it also be shown that a sum exceeding the highest bid at least ten per cent exclusive of the expenses of a new sale, may be obtained. There is no evidence of unfairness in this case. However, the supplemental report and petition for resale states facts which are sufficient, if true, to show that the Exon bid was disproportionate to the value of the property and that a sum exceeding the Exon bid by at least ten per cent could be obtained. Upon the presentation of that report by the administratrix it became the duty of the court to hear and determine the facts so reported, and to order a new sale if those facts were found to be true. In re Bradley's Estate, 168 Cal. 655, 144 P. 136; Rohlff v. Snyder's Estate, 73 Neb. 524, 103 N. W. 49; In re McClure's Estate, 76 Mont. 476, 248 P. 362.

■ Respondent, however, contends that because the Pavlis second bid and the report of it to the court were not made until after the time fixed for confirmation of sale, they furnished no legal cause for refusal to confirm the Exon bid or for ordering a resale. Under our statutes the administratrix had no power to sell the property without the consent

of the court. Hartelt v. Petosky, 56 S. D. 385, 228 N. W. 798. The court was in fact the party making the sale and the administratrix acted only as its agent and under its authority in reporting the sale and petitioning for confirmation. Peirson v. Fisk, 99 Mich. 43, 57 N. W. 1080, An administrator's sale is never completed until the sale has been confirmed by the court and this is a fact which the bidders are bound to know. State ex rel. King v. District Court of Second Judicial Circuit, 42 Mont. 182, 111 P. 717.

In the case of Rohlff v. Snyder's Estate, supra, the Supreme Court of Nebraska said [73 Neb. 524, 103 N. W. 50]: "The provisions of the statute with respect to administrator's sales are such as to apprise every bidder of the contingency that the sale may be set aside if a sum greater by 10 per cent. than the amount of his bid, together with the expenses of resale, is offered for the property before confirmation. He buys subject to this contingency. It was the duty of the court to protect the estate of the minor heirs who were interested in the property."

The general rule is stated in 34 C. J. S. Executors and Administrators, § 606, as follows: " * * * if an executor has knowledge before confirmation of the sale that the property has brought an inadequate price, it is his duty to have his return amended and to have the sale set aside and a new one made for the benefit of the estate."

■ We therefore conclude that the authority of the county court to hear the petition, to reject all bids and order a new sale continued so long as the court had jurisdicition of the sale proceedings, and that such jurisdiction continued until the final disposition of the sale proceedings by the entry of the order of confirmation regardless of any oral statement made by the judge at the hearing. SDC 33.1702; O'Connor v. Stanley, 8 Cir., 54 F.2d 20; 21 C. J. S., Courts, §§ 93 and 94.

■■ On the appeal to the circuit court the trial was de novo. The issues of law and fact on such appeal were the same as those before the county court. SDC 35.2111; In re Skelly's Estate, 21 S. D. 424, 113 N. W. 91; In re

Fisher's Estate, 68 S. D. 484, 4 N. W.2d 797. They included the issues presented by the return of sale and petition for confirmation, the bids, and the supplemental petition to reject all bids and order a new sale. McGregor v. Jensen, 18 Idaho 320, 109 P. 729. All evidence which was competent and material to these issues should have been admitted. This is particularly true in regard to evidence tending to show that the Exon bid was disproportionate to the value of the property, and that a bid exceeding the Exon bid by at least ten per cent could be obtained. Such evidence was offered in circuit court on the appeal and should have been received.

The judgment of the circuit court is reversed and the cause is remanded.

WARREN, Circuit Judge, sitting for POLLEY, J.

RUDOLPH, P. J., and SMITH, J., concur.

ROBERTS, J., and WARREN, Circuit Judge, dissent.