254 N.W.2d 159 (1977)
In The Matter of the ESTATE of Karl J. ASSMUS, Deceased.
Laverne M. SCHULDT, William D. Beckman, Robert B. Beckman, and Harold Ray De Boer, Appellants,
v.
Larry NESS and Ivan Schuldt, Margaret Schuldt, Executrix, Julia Neimeyer and the four children of Ruth Siebenbrunner, Respondents.
Nos. 11812-11814.
Supreme Court of South Dakota.
Argued November 17, 1976.
Reassigned January 6, 1977.
Decided May 26, 1977.
Rehearing Denied June 27, 1977.
*160 James F. Margadant, of Andera, Margadant & Erickson, Chamberlain, for appellants.
John S. Theeler, of Morgan, Fuller, Theeler & Cogley, Mitchell, for respondents Larry Ness and Ivan Schuldt.
PORTER, Justice (on reassignment).
This case involves sale of realty to appellants by an estate Executrix under a power of sale in a will. The issue presented is whether refusal of the trial court to confirm the sales made by the Executrix constituted an abuse of discretion. Each appeal is from an order dated October 10, 1975, in which the trial court confirmed sales of the realty involved to the respondents, who were the high bidders at the October 10th confirmation hearing. Finding no abuse of discretion, we affirm each order confirming sale.
Appellants contend that "[A]bsent any showing by [the] objectors at the confirmation hearing [that Executrix's] private sales were unfair, or were * * * disproportionate to the value of the property, or that a bid exceeding the original sale prices by five per cent may be obtained" the Executrix's sales under the broad power of sale in the decedent's will should have been confirmed. The power of sale clause of the will, by virtue of which the Executrix acted, is broad indeed.[1] Nevertheless, under SDCL 30-22-7,[2] title to the realty sold by the Executrix does not pass to the purchaser unless the sale is subsequently confirmed by the circuit court. Shearn v. Fenton, 74 S.D. 355, 52 N.W.2d 830 (1952).
August 25, 1975, the Executrix filed a verified report of sale of real estate at private sale. SDCL 30-22-54.[3] She reported that under the authority given her by the will, she sold four tracts of decedent's realty to appellants, and a fifth tract to one, Gardner, as follows: Tracts 1 and 2 to appellant DeBoer for $36,000; Tract 3 to appellant Laverne M. Schuldt for $16,000; Tract 4 to appellants Robert and William Beckman for $16,000; and Tract 5, to J. and *161 S. Gardner for $16,000.[4] The Executrix reported that each sale was made in a parcel deemed most beneficial to the estate; that each sale was legally and fairly conducted; and that the purchase price of each parcel was not disproportionate to the value of the real estate sold, which realty had been duly appraised within a year prior to sale.
Upon the filing of the report of sale, the trial court on August 25th ordered that a hearing thereon be held September 15th, and that notice of the hearing be given by mailing notice to the heirs, devisees and legatees of decedent, and by posting a copy of the notice of hearing on the bulletin board of the Aurora County Courthouse ten days or more before the hearing. This was done. On September 11, certain of the residuary devisees and legatees filed objections to the sales, as reported, alleging that the sale prices did not fairly represent the true value of the realty. At a September 29th hearing, continued from September 15th, the trial court heard the testimony of the Executrix, the Aurora County assessor, and the three men who had earlier acted as appraisers of all the property of the estate. The trial court then entered a "Notice of Hearing on Confirmation of Sale of Real Estate" giving notice that the court had fixed October 10, 1975, at 10:00 a.m. for the hearing upon the return of sale of realty filed by the Executrix August 25th, and that all persons interested "may appear and show cause why said sale should not be confirmed or that a sum exceeding five per cent (5%) exclusive of the expense of a new sale can be obtained." The notice, dated September 29, 1975, gave the legal description and sale price of each tract sold by the Executrix, and referred to the Executrix's return of sale as filed with the court August 25th for further particulars. The notice of hearing was published in a legal weekly newspaper in Aurora County on October 2 and October 9. The sales to respondents were made and confirmed, over Executrix's sales, at the October 10th hearing.
Appellants contend that the evidence at the September 29th hearing established that the Executrix's sales were fairly conducted and not disproportionate to the value of the land sold. Thus, they argue, the only thing the court could lawfully do was to confirm the sales by the Executrix. For the purpose of this opinion we accept as true appellants' version of the evidence given at the September 29th hearing. It does not follow, however, that the trial court committed error by adjourning the September 29th hearing without entering a final order of confirmation. By so doing, the court did not vacate the sales of the Executrix. The court simply continued the September 29th confirmation of sale hearing to October 10th. Thus the October 10th hearing was the September 15th confirmation of sale hearing, as continued to September 29th [without objection by appellants], as continued to October 10th. Since no order granting or denying confirmation of sale was made until October 10th, up to that time appellants were not prejudiced other than by the passage of time from September 15th to October 10th. On this appeal, appellants do not question the jurisdiction of the court to continue the hearing, as was done, nor do appellants claim prejudice because of the time which elapsed between September 15th and October 10th. Instead, appellants' claim of abuse of discretion rests upon their contention that the trial court at the October 10th hearing was obligated, as a matter of law, to confirm the Executrix's sales because they were fairly made and not disproportionate to the value of the realty sold and because the Executrix's power to sell came from the decedent's will.
Appellants' argument, however, seems to run head-on into SDCL 30-22-59.[5] This statute authorized the court to accept at the confirmation hearing the increased bids since each bid was five per cent or more above the Executrix's sale on the tracts involved. Under SDCL 30-22-59, once the increased bid in that amount was made, the *162 court was authorized to receive additional bids, and to confirm the sale to the highest and best bidder at the confirmation hearing. In this case the bid of respondent Ness for Tracts 1 and 2 was more than five per cent over the Executrix's sale to appellant DeBoer. The same was true of respondent Ivan Schuldt's bid on the Tracts 3 and 4 originally sold by the Executrix to appellants Beckman and Laverne Schuldt. Significantly, the appellants were present at the October 10th hearing, and were given an opportunity to bid over the bids made at the hearing by respondents. When appellants refused, and no further bids were offered by anyone present, the court then confirmed the sales to the highest and best bidders, the respondents.[6]
It is reasonable for us to view SDCL 30-22-7 as indicating legislative concern that realty of a decedent, when sold during probate, be sold for a sum not disproportionate to its value, and in addition, that it be sold to the highest and best bidder. As in this case, even though the Executrix sold each tract for the amount for which the tract was appraised by the estate appraisers, so that the Executrix's sale was not disproportionate to the value of the realty, the highest and best bids on four of the five tracts, at the October 10th confirmation hearing, totaled $4,350 more than Executrix's sales. Where those interested in the residue of the estate file objections to the Executrix's sale, SDCL 30-22-55 requires the court to hold a confirmation hearing, on notice, even though the original sale by the Executrix was at public auction. Here, the Executrix sold at private sale. In addition, the court in its August 25th order for confirmation hearing directed that notice of the hearing be given only by mailing to the heirs and by posting on the courthouse bulletin board. The order was lawful, and the Executrix acted as she did under express authority given in the will. The court however, did not abuse its discretion, particularly where objections were filed subsequent to the original notice of hearing, in requiring on September 29th that notice of the confirmation hearing of October 10th be published twice before the hearing in a weekly newspaper in Aurora County. As a practical matter this was the first general notice to the public of the confirmation hearing. The court could lawfully have ordered this notice when the Executrix's return of sale was filed August 25th and perhaps should have. Since SDCL 30-22-56 authorized the court to require such form of notice, we cannot now find that the court erred in doing so. The court had jurisdiction of the sale proceedings until final disposition. Final disposition is evidenced by entry of the written orders confirming sale. SDCL 30-22-61.[7]In Re Poulsen's Estate, 71 S.D. 149, 22 N.W.2d 734 (1946).
Error may not be presumed on an appeal. Hardman v. Lasel, 55 S.D. 176, 225 N.W. 301 (1929). By the record presented on appeal appellants must affirmatively establish *163 the existence of error. Kent v. Dakota Fire & Marine Ins. Co., 2 S.D. 300, 50 N.W. 85 (1891). The appeals in this case are from the orders confirming sale, dated October 10, 1975. The record does not affirmatively demonstrate that the court acted in violation of any applicable statute in entering the October 10th orders.[8] The record presented will not support the claim of abuse of discretion upon which appellants seek reversal. The orders from which these appeals are taken are therefore affirmed.
All the Justices concur.
WINANS, Retired Justice, sitting for MORGAN, J., disqualified.
NOTES
[1] The power of sale clause in decedent's will is as follows:

"CLAUSE 5
"I do hereby order, authorize and direct my executrix to sell and thereby convert into cash as soon after my death as conveniently may be, all property which I may own at the time of my death, and she shall have and is hereby given full and complete discretionary power and authority to decide upon the price for which such property shall be sold, and such sale or sales shall be held without the order of any court and at either public or private sale, and with or without notice, as she, my executrix, shall determine best."
[2] SDCL 30-22-7:

"No sale of any property of an estate of a decedent is valid unless made under order of the circuit court, except as otherwise provided. All sales must be reported under oath and confirmed by the circuit court, before the title to the property passes, * * *."
See also SDCL 30-22-1.
[3] SDCL 30-22-54:

"The executor or administrator, after making any sale of real property, must make a verified return of his proceedings to the circuit court, which may be filed in said court at any time subsequent to the sale."
[4] Each tract is a quarter section of farm land in Aurora County.
[5] SDCL 30-22-59:

"Upon the hearing the court must examine the return and witnesses in relation to the same, and if the proceedings were unfair, or the sum bid be disproportionate to the value of the property, or if it appear that there may be obtained a sum exceeding such bid at least ten per cent, or at least five per cent where the bid is more than ten thousand dollars, exclusive of the expenses of sale, the court may vacate the sale and direct another to be had, for which notice must be given and the sale conducted in all respects as if no previous sale had taken place; if there be made to the court in writing by a responsible person an offer of ten per cent more than the amount named in the return, or five per cent more where the amount named is in excess of ten thousand dollars, it is in the discretion of the court to accept such offer and confirm the sale to such person, or to order a new sale.
The court may also in its discretion receive, consider, reject or accept higher and better offers and bids beyond the percentages of increase as herein provided, and if accepted, confirm the sale to the person making the highest or best offer or bid."
[6] There were no bidders on Tract 5 and the court confirmed the Executrix's sale of this tract.
[7] SDCL 30-22-61:

"If it appears to the court that the sale was legally made and fairly conducted, and that the sum bid was not disproportionate to the value of the property sold, and that a greater sum, as specified in § 30-22-59, cannot be obtained, or if an increased bid, as specified in such section be obtained and accepted by the court, the court must make an order confirming the sale and directing conveyance to be executed.
The sale from that time is confirmed and valid, and a certified copy of the order confirming it and directing conveyance to be executed must be recorded in the office of the register of deeds of the county in which the real property sold is situated."
[8] In their brief in this court appellants argue that respondents' bids were oral, rather than written, and were thus received in violation of SDCL 30-22-59 at the October 10 hearing. A review of the settled record, including the transcript of the October 10 hearing, establishes that such contention was never presented by appellants to the trial court by "request for findings, or other apt motion, offer, objection, or exception * * *," SDCL 15-26-20, nor under SDCL 15-6-59(a). "Since our function is that of review, issues not presented to the trial court are not before us on appeal." Chipperfield v. Woessner, 84 S.D. 13, 166 N.W.2d 727 (1969).