Jeanette M. LEE, Plaintiff
and Appellant,

v.

Thomas J. W. LEE, III, Defendant
and Appellee.

No. 12914.

Supreme Court of South Dakota.

Decided Jan. 28, 1981.

John C. Quaintance and Thomas J. Johnson of Quaintance & Swanson, Sioux Falls, for plaintiff and appellant.

Richard O. Gregerson of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and appellee.

PER CURIAM.

Plaintiff, Jeanette M. Lee, appeals from a judgment and decree of divorce granting custody of Thomas J. W. Lee, IV, to defendant, Thomas J. W. Lee, III. We affirm.

■ Plaintiff argues that the trial court erred when it considered a custody report prepared by a court services officer. Because she did not review the report prior to judgment or cross-examine the court services officer, plaintiff claims that her right to a fair trial in open court was violated.

In this case the trial court ordered the custody investigation pursuant to stipulation of counsel. Plaintiff was notified when the report was completed. Plaintiff did not ask to review the report. She made no objection to the use of the report nor did she ask to cross-examine the author of the report. We faced similar facts in *Haskell v. Haskell*, 279 N.W.2d 903 (S.D.1979), where we said:

The mother's final contention is that the trial court committed reversible error by not giving her access to the report by the Department of Social Services, and an opportunity to cross-examine the author of the report. The investigation, which is the basis of the report, was conducted at the behest of the mother and upon agreement of the parties, without reservation as to inspection or cross-examination. Neither the mother nor her counsel asked the trial court for access to the report. In addition, her counsel on appeal stipulated the record minus the report. We will not address issues on appeal which have not been presented to the trial court. *In re Estate of Assmus*, 254 N.W.2d 159 (S.D.1977); *Chipperfield*

*v. Woessner*, 84 S.D. 13, 166 N.W.2d 727 (1969).

279 N.W.2d at 907.[2]

 Plaintiff also argues that there was insufficient evidence to find that defendant was the proper parent to be awarded custody of the seven-year-old son. We are not convinced from our review of the record that the trial court abused its discretion. *Hanks v. Hanks*, 296 N.W.2d 523 (S.D.1980). The record indicates that defendant is a concerned parent who is able to provide a secure, stable home for his son. Even plaintiff admitted that defendant is a loving, capable father.

The judgment is affirmed.

Sam D. Sechser, Sioux Falls, for plaintiff and appellee.

John N. Gridley, III, Sioux Falls, for defendant and appellant.

1. Appellate counsel did not represent plaintiff at the trial court level.
2. Cf. *In the Matter of the Adoption of Zimmer*, 299 N.W.2d 574, (S.D.1980); *Karim v. Karim*, 290 N.W.2d 479 (S.D.1980); *Christensen v. Christensen*, 85 S.D. 653, 190 N.W.2d 62 (1971).