### G. R. Tilton, Administrator, etc., v. Gustavus Pearson.

1. JUDICIAL SALES—*When a Bidder May Decline to Complete his Purchase.*—A bidder at a judicial sale bids for the title of the decree or judgment defendant; and if, before complying with his bid, he discovers that the decree or judgment is inadequate to transfer such title, he may decline to complete the purchase.

2. REAL ESTATE—*Insufficient Description.*—A description of real estate in a decree of sale, as "Part of the west half of the northwest quarter of section nineteen, township twenty-one, range eleven, containing seventy-two acres, in Vermilion county," etc., can not be identified, and is therefore insufficient.

Assumpsit, for damages for failing to take premises on a bid at a judicial sale. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

LAWRENCE & LAWRENCE, attorneys for the appellant.

W. J. Calhoun and H. M. Steely, attorneys for appellee.

Mr. Presiding Justice Boggs delivered the opinion of the Court.

Appellant, as administrator of the estate of Joseph Smith, deceased, by virtue of a decree rendered by the County Court of Vermilion County authorizing him to sell real estate which belonged to the deceased to pay claims against the estate, offered such real estate at public sale.

Appellee was the highest bidder therefor, and the property was struck off to him. He refused to comply with his bid and accept a deed for the premises.

The administrator resold the property, and brought assumpsit to recover the difference between the amount bid by the appellee, and that obtained at the second sale.

The Circuit Court held it was essential to the right to recover such difference that the bidder be first cited to appear before the court which rendered the decree, and there given opportunity to show cause for refusing to complete the purchase, and that an order be entered by such court directing a second sale to be made at the risk of such bidder.

Such seems to be the rule applicable to purchases of real estate sold by virtue of decrees rendered in courts in chancery. Hill v. Hill, 58 Ill. 239; Thrift v. Fritz, 101 Ill. 459.

The decree in the case at bar was rendered in the County Court of Vermilion County sitting in probate, upon the application under the statute of the appellant administrator for a decree to sell lands to pay debts allowed against the estate.

The statute provides the practice in such proceedings shall be the same as in chancery. Sec. 101, Chap. 3, R. S.

It did not appear from the declaration such preliminary steps had been taken, and for that reason the court sustained a demurrer and dismissed the action.

We think the declaration was insufficient. It averred the decree authorized the appellant to sell lots 10 to 21 inclusive, in the village of Myersville, and part of the west half of the

northwest quarter of section nineteen, township 21, range 11, containing seventy-two acres in Vermilion county, etc.

The particular seventy-two acres to be sold could not be identified by the description in the decree; and the decree was therefore insufficient to divest the heirs of the deceased of title thereto. A bidder at a judicial sale bids for the title of the decree or judgment defendant. If he discovers, before complying with the bid, the decree or judgment is inadequate to transfer such title, he may decline to complete the purchase. 12 Amer. & Eng. Ency. of Law, 229.

Even if a court of chancery would, upon notice to the heirs, correct the decree upon the application of a purchaser who had complied with the terms of sale, received his deed and entered into possession of the property in good faith, as to which we express no opinion, yet a bidder would have the right to decline to complete the purchase and accept a deed for the property.

The declaration alleged that at the request of appellee the appellant caused the seventy-two acres to be surveyed, and that he tendered a deed describing it by metes and bounds, according to the description thereof. The survey added nothing to the legal effect of the decree as against the parties to whom the title to the land descended upon the death of appellant's intestate.

The administration in the matter of an application for a decree to sell lands of his intestate occupies a position adverse to the parties who inherit the title to the land sought to be sold, and has no power to divest them of title except to the extent he may do so by executing the decree as granted by the court.

The judgment is affirmed.