## Lester K. Vandever, Administrator of Estate of Henry C. Hill, Deceased, Appellant, v. Harold F. Hill, Appellee.

Gen. No. 9,182.

Opinion filed October 19, 1939.

Dryer, Brown & Poos, of Hillsboro, for appellant.

J. D. Wilson, of Nokomis, for appellee.

Mr. Justice Fulton delivered the opinion of the court.

On April 19, 1938, Lester K. Vandever, as administrator of the estate of Henry C. Hill, deceased, plaintiff-appellant, filed a sworn affidavit for attachment in the circuit court of Montgomery county, Illinois. After complaint was filed the defendant-appellee, Harold F. Hill, filed a motion to quash the attachment writ and to dismiss the complaint. Before the motion was passed upon the appellant filed an additional count and the appellee filed a new motion to quash the attachment writ and to dismiss the additional count. The court allowed the motion and quashed the attachment writ and the return thereon and dismissed the complaint and the additional count. The judgment ordered that the plaintiff take nothing by his suit, that the defendant go hence without day, and that the costs be paid in due course of administration. The plaintiff-appellant seeks to reverse the judgment of the trial court by this appeal.

The complaint alleged substantially that the plaintiff-appellant as administrator of the estate of Henry C. Hill, deceased, filed his petition in the county court of Montgomery county, praying for a sale of the real estate of Henry C. Hill for the purpose of paying debts of said estate; that a decree authorizing a sale was entered on December 17, 1937; that a sale was held on January 11, 1938, where the real estate was offered to the highest and best bidder; that at said sale the plaintiff-appellant as such administrator, struck off to Harold F. Hill the defendant-appellee, the said real estate for the sum of $2,310; that said real estate, as adver-

tised, provided, as likewise did the decree of court, that the purchaser would pay 15 per cent of the purchase price on the day of the sale; that the appellant demanded payment of the 15 per cent from the purchaser but payment was refused; that the bid received under sale was reported to the court, and approved by said court on the 1st day of February, A. D. 1938; that the appellant administrator then demanded the purchase price from the appellee but the appellee refused to pay, and that therefore the appellant, because of said refusal, was unable to collect the purchase price; that later the appellant administrator applied to the county court for a resale of said real estate and on May 28, 1938, the said court ordered the said administrator to resell said real estate in accordance with the terms and provisions of the decree heretofore entered; that thereupon said administrator duly advertised a resale of said premises and held the same on June 30, 1938; that at said sale the premises were sold to one F. E. Galbreath for the sum of $660; that by reason thereof there was a deficiency between the first sale and second sale amounting to the sum of $1,650; that in addition thereto by reason of the failure to complete the first bid, the said administrator was compelled to pay, on June 1, 1938, additional interest in the amount of $24 due on a mortgage covering a part of the land so purchased by the said appellee; that by reason of the failure to complete the bid other expenses were incurred because of readvertisement and resale, and the plaintiff-appellant sought to recover the total sum of $1,699.60 from the appellee.

The grounds relied upon by the appellee in support of his motion to quash the attachment writ and to dismiss the complaint and the additional count thereto, insofar as they were urged before the court were as follows: That attachment does not lie because the damages have not been liquidated and no motion was filed in said cause for a rule upon the purchaser to pay by a day fixed by the court, which is a condition

precedent to suit, and no order of resale had been entered and no resale of the premises made before the attachment was sued out and therefore the attachment was void.

It is the contention of the plaintiff-appellant that it was not necessary to file a motion in the county court in probate for a rule upon the purchaser to pay by a day fixed by the court and that a rule upon the purchaser to pay by a day fixed is not a condition precedent to suit, and that no order of resale was necessary before a writ of attachment could be sued out as far as the cause of action stated in the complaint or in the additional count was concerned.

It seems to us that a disposal of the question of whether or not it was necessary to file a motion and secure a rule upon the purchaser to pay the amount of his bid on or before a day fixed by the court before an order of resale is entered is decisive of this case. It has long been the law of this State in chancery cases, that in order to charge a purchaser under a judicial sale who refuses to complete his purchase, with a deficiency arising on a resale, the first sale should be reported to the court, the report confirmed, and an order served on the purchaser to pay the purchase money within a given time or in default the premises would be resold at his risk. *Hill v. Hill*, 58 Ill. 239; *Greenwalt v. McClure*, 7 Ill. App. 152. In the case of *Tilton v. Pearson*, 67 Ill. App. 372, the court held that the bidder at a judicial sale bids the title conferred by decree of sale and if he refuses to comply with his bid he cannot, after sale of the property to another for less sum, be compelled to pay the difference between the amount bid by him and the amount for which the property was finally sold unless he was cited before the Court which rendered the decree for sale and in such Court be given an opportunity to show cause for refusing to complete his purchase.

The appellant, however, argues that while the above authorities control in judicial sales ordered by a chan-

cery court, that they do not apply in this case because the probate court has no general equity powers, and cites in support thereof the case of *Hannah v. Meinshausen*, 299 Ill. 525. In that case an attempt was made to compel specific performance of a bid by contempt proceedings and the court very properly held that a probate court was not a court of general jurisdiction and without power to compel specific performance of a bid made at a judicial sale. In the instant case the probate court is given express power to enter a decree providing for the sale of real estate to pay debts by an administrator. It therefore, seems clear to us that the court would have the right to enter an order for a resale at the cost and expense of the purchaser who failed to complete his bid but not before there had been a rule entered upon the purchaser to show cause why he refused to complete his purchase. In the case at hand it is quite clear why such a rule should be invoked because it appears from the pleadings that the land was incumbered while the inference from the pleadings is that the land was to be sold free and clear from all incumbrances. In any event, we can think of a number of reasons such as a controversy over the title, which might warrant a purchaser in refusing to complete his bid. To secure an order of resale, without any notice to such purchaser, or without affording him a day in court to show cause why he should not complete his purchase, is not only unfair and inequitable but is not in accord with the practice and procedure laid down by the reviewing courts of our State.

It is our judgment that some notice or some rule upon a purchaser to complete his purchase by a day fixed by the court is a condition precedent to an order of resale and to the institution of a suit for damages for failure to complete his bid.

For the reasons set forth the judgment of the lower court is hereby affirmed.

*Affirmed.*